**AMERICAN GUARANTEE & LIABILITY INSURANCE COMPANY,**
Plaintiff—Appellant,

v.

**WESTCHESTER SURPLUS LINES INSURANCE COMPANY, et al.,**
Defendants—Appellees.

No. 08–35264.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 5, 2009.

Filed June 11, 2009.

Jacquelyn A. Beatty, Barbara Brady, Karr Tuttle Campbell, Seattle, WA, for Plaintiff–Appellant.

David P. Hansen, William A. Olson, Aiken St. Louis & Siljeg, PS, Russell Charles

Love, Esquire, Thorsrud Cane & Paulich, Seattle, WA, for Defendants–Appellees.

Before: CANBY and N.R. SMITH, Circuit Judges, and PRO,* District Judge.

## MEMORANDUM **

Plaintiff–Appellant American Guarantee & Liability Insurance Company ("American Guarantee") appeals the district court's grant of summary judgment in favor of Defendants–Appellees Westchester Surplus Lines Insurance Company ("Westchester") and Royal Indemnity Company ("Royal"), as well as the district court's denial of American Guarantee's motion under Federal Rule of Civil Procedure 56(f). Pursuant to Rule 56(f), a party opposing a summary judgment motion may present an affidavit giving specified reasons why it cannot present facts essential to defeat the moving party's motion. If the opposing party makes an adequate showing, the district court may deny or delay deciding the summary judgment motion to enable further discovery. Generally, a district court should grant a Rule 56(f) motion where the party opposing summary judgment timely seeks relief and specifically identifies relevant information for which there is a basis to believe the information sought actually exists. *VISA Int'l Serv. Ass'n v. Bankcard Holders of Am.*, 784 F.2d 1472, 1475 (9th Cir.1986). "Summary denial is espe-cially inappropriate where the material sought is also the subject of outstanding discovery requests." *Id.* We review the district court's decision whether to permit further discovery in response to a Rule 56(f) motion for an abuse of discretion. *United States v. Johnson Controls, Inc.*, 457 F.3d 1009, 1023 (9th Cir.2006). We have jurisdiction pursuant to 28 U.S.C. § 1291. We reverse and remand.

In response to Westchester's and Royal's summary judgment motions, American Guarantee presented a timely and extensive Rule 56(f) affidavit setting forth specific facts it hoped to elicit from further discovery, that the facts sought existed, and that the sought-after facts were essential to oppose the summary judgment motions. American Guarantee also identified several outstanding discovery requests which would elicit sought-after facts. At the time Westchester and Royal moved for summary judgment in January 2008, the parties had made their initial disclosures only four months earlier. No witnesses had been deposed in this action. The district court's Order Setting Trial Date and Related Dates allowed the parties until May 2008 to complete discovery and June 2008 to file dispositive motions. Despite the extensive Rule 56(f) affidavit outlining the outstanding discovery, the district court did not conduct a hearing on the outstanding motions and ruled without argument. Under these circumstances, the district court abused its discretion in denying American Guarantee's Rule 56(f) motion.

REVERSED AND REMANDED.

---

* The Honorable Philip M. Pro, United States District Judge for the District of Nevada, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.